UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Ruben Torres § § § § § § § § § § § § | Civil Action No. 5:19-cv-355 |
| v | |
| Midland Funding, LLC | |

Complaint

# Introduction

1. Congress, to prevent harassment and mistreatment of consumers by debt collectors, enacted the Fair Debt Collection Practices Act. The FDCPA protects consumers from false and misleading representations by debt collectors. Congress found that these practices lead to marital instability, job loss, and the number of personal bankruptcies.

2. The FDCPA at 15 U.S.C. § 1692i requires debt collectors to file suit in the correct venue. Courts in the Western District of Texas have cited *Suesz v. Med-1 Solutions, LLC*, 757 F. 3d 636, 641 (7th Cir. 2014) which holds that the proper "judicial district" under the FDCPA is "the smallest geographic area relevant to venue in the court system in which the case is filed." See *Alaniz v. Law Office of Joseph Onwuteaka, P.C. et al*, 5:15-cv-00587-RP; *McKay v. Scott & Associates, P.C., Midland Funding, LLC,* 1:17-cv-00383-SS.

3. In *Serna v. Onwuteaka* the Fifth Circuit held that the statute of limitation on a venue violation does not begin to run until a consumer receives notice of the suit. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440 (5th Cir. 2013). "[W]e conclude for purposes of § 1692k(d) that a violation of § 1692i(a)(2) does not occur until a debtor is provided notice of the debt-collection suit." *Id.* at 443.

4. As a general rule lawyers are immune from civil liability to non-clients. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). This is not true of attorneys engaged in consumer debt collection. The Supreme Court, in the first FDCPA case it considered, applied it to consumer debt collection attorneys who make misrepresentations in the course of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489 (1995). The Fifth Circuit held that a lawyer who regularly engages in consumer debt collection is a debt collector as defined by the FDCPA. *Garret v. Derbes,* 110 F.3d 317 (5th Cir. 1997).

5. Plaintiff brings this action for Defendant's violation of the FDCPA and seeks actual damages, statutory damages, attorney's fees, and costs.

## Jurisdiction & Venue

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

8. Plaintiff, Ruben Torres, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

9. Torres is a fifth grade teacher in San Antonio.

10. His wife is a retired school teacher.

11. Defendant, Midland Funding, LLC, is a Delaware limited liability corporation whose principal business address is 3111 Camino Del Rio N, Suite 103, San Diego, California 92108. It may be served via its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporated, 211 E. 7th St. Suite 620, Austin, Texas 78701.

## Facts

12. Midland regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

13. The principal purpose of Midland is the collection of such debts.

14. The Debt is an alleged defaulted debt that Torres used for personal, family, and household purposes (the "Debt").

15. In 2011, the Torres moved their residence from a home in Bexar County Precinct 2 to one in Bexar County Precinct 3.
16. Shortly after moving they updated their address with the Texas Department of Public Safety and others.
17. In 2013, Midland filed suit against Torres in Bexar County Precinct 2.
18. After three unsuccessful attempts to serve Torres at his old address the process server made an affidavit in support of substituted service.
19. Following an order, the process server served the suit to the address in Precinct 2 where Torres no longer resided.
20. Torres never received notice of the suit.
21. Torres never answered the suit.
22. Midland was granted a default judgment.
23. The judgment remained dormant.
24. Midland did not attempt to collect on the judgment until 2019.
25. Midland never reported the judgment on Torres' credit report.
26. Midland never gave Torres any notice of the judgment at a correct or current address.
27. In February 2019, Midland filed an application for appointment of a receiver after judgment.
28. It attempted to serve Torres with this application via CMRRR number 7018 1830 0001 6845 2862.

29. A true and correct copy of the United States Postal Service website is attached as Exhibit A. It shows the item was returned to the original sender.[1]

30. The Court appointed a receiver on February 20, 2019.

31. In March 2019, the receiver froze the Torres' bank account containing his paychecks and his wife's retirement funds.

32. Per the bank's instructions, Torres reached out to the receiver and learned of the judgment for the first time.

33. Midland filed suit in the wrong venue.

34. Midland failed to do a reasonable investigation before filing suit.

35. Midland never notified Torres of the suit.

## Cause of Action – Fair Debt Collection Practices Act

36. Midland is a debt collector as defined by 15 U.S.C. § 1692a(6).

37. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

38. Torres is a consumer as defined by 15 U.S.C. § 1692a(3).

39. Midland violated the FDCPA in that it filed suit in an impermissible venue per 15 U.S.C. § 1692i(a)(2).

## Jury Demand

40. Plaintiff demands this case be tried before a jury.

---

[1] https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70181830000168452862 (last accessed April 5, 2019).

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com